JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2010 FEB 25  ℗ 3: 39

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | | |
|---|---|---|
| FirstFleet, Inc. | : | |
| 202 Heritage Park Dr. | | |
| Murfreesboro, Tennessee 37129 | : | Civil Action No: _____ |
| | | **2 : 10 cv   178** |
| Plaintiff, | : | |
| | | |
| vs. | : | |
| | | |
| The Ohio State University | : | Judge:         JUDGE SMITH |
| Board of Trustees | | |
| 190 Oval Mall, Suite 500 | : | |
| Columbus, OH 43210 | | |
| | : | |
| and | | **MAGISTRATE JUDGE KEMP** |
| | : | |
| Thomas B. Reeb | | |
| 4291 N. St. RT., Unit 3 | : | |
| Sunbury, OH 43074 | | |
| | : | |
| and | | |
| | : | |
| Annamae Catterson | | |
| 13676 US Route 36 | : | |
| Marysville, OH 43040 | | |
| | : | |
| and | | |
| | : | |
| Melvin Catterson | | |
| 13676 US Route 36 | : | |
| Marysville, OH 43040 | | |
| | : | |
| and | | |
| | : | |
| John Doe(s) #1-5, Person(s), Corporation(s), | | |
| or other Entity(ies) who are vicariously | : | |
| liable as the employer or principal of | | |
| Thomas Reeb , Name(s) Uknown | : | |
| | | |
| Defendants. | | |

## COMPLAINT

Now comes plaintiff, FirstFleet, Inc., and for its complaint against Defendants states:

### I. JURISDICTION AND VENUE

1.     This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq., (ERISA), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

### II. THE PARTIES

3.     The allegations contained in paragraphs 1 and 2 are hereby incorporated as if fully rewritten herein.

4.     Plaintiff is a Tennessee Corporation licensed and authorized to do business in the state of Ohio.

5.     At all times relevant hereto, defendant, The Ohio State University (OSU), was an entity existing under the laws of the state of Ohio with its principal place of business in Columbus, Ohio.

6.     At all times relevant hereto, defendant, Thomas Reeb, was an individual residing in Sunbury, Ohio who, at the time of the accident described below, was in the course and scope of his employment with OSU and/or one or more John Doe defendants or who, in the alternative, was acting as an individual.

7.     At all times relevant hereto, defendants, Annamae Catterson and Melvin Catterson, were individuals residing in Marysville, Ohio.

8.     Defendants John Doe(s) #1-5, person(s), Corporation(s), or other entity(ies) who are vicariously liable, as the employer or principal of Thomas Reeb, [hereinafter "Defendant(s) John Doe(s)"], are the employer or master or principal of

defendant Thomas Reeb, who was acting within the course and scope of his employment or agency with the Defendant(s) John Doe(s) at the time of the motor vehicle collision that is the subject matter of this action, such that they are vicariously liable for the conduct of the defendant Thomas Reeb. The true names and addresses of the Defendant(s) John Doe(s) could not be discovered by the plaintiffs through the exercise of reasonable diligence.

## III. FACTS

9.      Plaintiff incorporates the allegations contained in paragraphs 1 through 8 as if fully rewritten herein.

10.     On or about February 27, 2008, at or near the intersection of Ostrander Road and US Route 36 in Delaware County, Ohio, Defended Reeb, while in the course and scope of his employment with OSU and/or Defendant(s) Doe(s), or as an individual, negligently operated a vehicle into the vehicle operated by Annamae Catterson.

11.     On or about February 16, 2010, the Catterson's filed suit against OSU and Reeb in the Ohio Court of Claims under case number 2010-02863 seeking compensatory and other damages. In that suit, the Catterson's allege that as a direct and proximate result of the conduct of Defendant Reeb, Mrs. Catterson sustained severe injuries, some of which may be permanent, and has incurred hospital, medical and other health-care expenses.

12.     Plaintiff is the sponsor and plan administrator of a self-funded Health Benefit Plan (the Plan) for its employees and their dependents. The Plan is an "Employee Welfare Benefit Plan" within the meaning of 29 U.S.C. §1002 (1).

13.     At all times relevant hereto, Melvin Catterson was a participant and Annamae Catterson was a beneficiary of the Plan within the meaning of 29 U.S.C.

3

§§1002 (7) and (8), who were eligible to receive, and did receive, benefits under the terms of the Plan.

14.     Subsequent to the accident referenced above, the Catterson's filed claims or caused claims for medical benefits to be filed against the Plan pursuant to which the Plan paid out in excess of $275,000 for hospital, medical and other health-care related expenses incurred by the Cattersons for the injuries sustained by Mrs. Catterson and for which the Plan continues to make payments.

15.     The Plan contains provisions governing subrogation under which the Plan is subrogated to the rights of the Cattersons to recover from third parties an amount equal to payments the Plan makes for covered services when an illness or injury results from the actions or fault of a third-party. The Plan also contains a priority right of reimbursement under which the Plan is entitled to reimbursement from the Cattersons for any and all benefits provided to them through the Plan.  A true and accurate copy of the subrogation and reimbursement provisions of the Plan is attached hereto as Exhibit A.

### IV.  FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 as if fully rewritten herein.

17.     The provisions of the Plan constitute a contract with the Cattersons which requires them to reimburse the Plan from any recovery from third parties to the extent of the benefits received from the Plan.

18.     The provisions of the Plan create a right of subrogation and/or equitable subrogation, equitable restitution and/or equitable lien against Defendants OSU, Reeb and/or the John Doe defendants.

4

19.     The Defendants deny any obligation to reimburse the Plan thereby creating an actual controversy between the parties.

20.     Plaintiff requests this court to issue a declaration setting forth the rights, duties and obligations of the parties under the Plan with respect to the reimbursement and subrogation provisions of the Plan including a declaration that defendants are liable to reimburse and/or pay the Plan for all sums the Plan has paid to or on behalf of the Cattersons for hospital, medical or other health-care expenses incurred as the result of the accident on February 27, 2008.

### V. SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT

21.     Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as if fully rewritten herein.

22.     The Cattersons' refusal to reimburse the Plan from any recovery received from defendants OSU, Reeb and/or the John Doe defendants to the extent of the benefits they received from the Plan constitutes a breach of contract for which plaintiff is entitled to the imposition of a constructive trust upon no less than $275,000 in funds intended to be paid to or received by the Cattersons from any recovery made for the injuries caused by the accident of February 27, 2008.

### VI. THIRD CLAIM FOR RELIEF: EQUITABLE LIEN

23.     Plaintiff incorporates the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

24.     The provisions of the Plan create an equitable lien in favor of plaintiff against defendants on any recovery made by the Cattersons for the injuries caused by the accident of February 27, 2008, to the extent of the benefits the Plan has paid to or on behalf of the Cattersons for hospital, medical or other health-care expenses incurred as

5

the result of said accident, by reason whereof plaintiff is entitled to the imposition of a constructive trust upon no less than $275,000 in funds intended to be paid to or received by the Cattersons from any recovery made for the injuries caused by the accident.

### VII. FOURTH CLAIM FOR RELIEF: EQUITABLE RESTITUTION

25.    Plaintiff incorporates the allegations contained in paragraphs 1 through 24 as if fully rewritten herein.

26.    The provisions of the Plan create a right of equitable restitution in favor of plaintiff against defendants on any recovery made by the Cattersons for the injuries caused by the accident of February 27, 2008, to the extent of the benefits the Plan has paid to or on behalf of the Cattersons for hospital, medical or other health-care expenses incurred as the result of said accident, by reason whereof plaintiff is entitled to the imposition of a constructive trust upon no less than $275,000 in funds intended to be paid to or received by the Cattersons from any recovery made for the injuries caused by the accident.

### VIII. FIFTH CLAIM FOR RELIEF: UNJUST ENRICHMENT

27.    Plaintiff incorporates the allegations contained in paragraphs 1 through 27 as if fully rewritten herein.

28.    Plaintiff, through payments made under the Plan to or on behalf of the Cattersons for medical, hospital and healthcare related expenses as a result of the accident of February 27, 2010, has conferred benefits upon the Cattersons who will be unjustly enriched if allowed to retain those benefits without reimbursing plaintiff for the sums paid, by reason whereof plaintiff is entitled to the imposition of a constructive

trust upon no less than $275,000 in funds intended to be paid to or received by the

Cattersons from any recovery made for the injuries caused by the accident.

     **WHEREFORE,** plaintiff demands judgment against defendants as follows:

1. Under the First Claim for Relief, a declaration of the rights, duties and obligations of the parties under the provisions of the Plan, including a declaration that defendants are liable to reimburse/pay plaintiff all sums the Plan paid to or on behalf of the Cattersons for hospital, medical or other health-care related expenses incurred as a result of the accident of February 27, 2010.

2. Under the Second Claim for Relief, imposition of a constructive trust upon no less than $275,000 [representing the current amount the Plan has paid to or on behalf of the Cattersons for medical, hospital and other health care related expenses] of any funds intended to be paid to or received by the Cattersons from any recovery made by them for injuries caused by the auto accident of February 27, 2010, the exact amount to be determined at trial;

3. Under the Third Claim for Relief, the imposition of an equitable lien and constructive trust in favor of plaintiff against defendants upon no less than $275,000 of any funds intended to be paid to or received by the Cattersons from any recovery made by them for injuries caused by the auto accident of February 27, 2010, the exact amount to be determined at trial;

4. Under the Fourth Claim for Relief, an order of equitable restitution and the imposition of a constructive trust in favor of plaintiff against defendants upon no less than $275,000 of any funds intended to be paid to or received by the Cattersons from any recovery made by them for injuries caused by the auto accident of February 27, 2010, the exact amount to be determined at trial;

5. Under the Fifth Claim for Relief, an order prohibiting the unjust enrichment of the Cattersons and the imposition of a constructive trust in favor of plaintiff against defendants upon no less than $275,000 of any funds intended to be paid to or received by the Cattersons from any recovery made by them for injuries caused by the auto accident of February 27, 2010, the exact amount to be determined at trial;

6. Attorney fees, costs and any and all other relief to which plaintiff may be entitled.

Respectfully submitted,

Robert H. Willard (0002386)
Mazza & Associates
941 Chatham Lane, Suite 201
Columbus, OH 43221
Telephone: 614-457-9731
Fax: 614-457-3596
E-mail: Rwillard@mazza-law.com